# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Sidney W. Helmick, | |
|     Plaintiff, | Civil Action No. 1:23-cv-00040-DLH-CRH |
| vs. | **PROTECTIVE ORDER** |
| BNSF Railway Company, a Delaware corporation, | |
|     Defendants. | |

The parties having jointly moved the Court to enter a Protective Order, and the Court having reviewed the file, and good cause appearing, it is hereby ORDERED as follows:

1. The training materials to be produced by Defendant BNSF in response to Plaintiff's Request for Production of Documents No. 27 (the "Confidential Materials") shall be marked "Confidential" and shall be treated as confidential by the parties.

2. The Confidential Materials shall not be shared or distributed in any way to any person except as specified below:

3. The Confidential Materials may be disclosed with the prior written consent of BNSF or its counsel.

4. The Confidential Materials may be disclosed by further order of this Court.

5. The Confidential Materials may be provided to the Court in connection with its consideration of any motion.

6. The Confidential Materials may be shared with the employees of the Hunegs, LeNeave & Kvas, P.A. law firm.  Counsel shall ensure employees are familiar with and abide by the terms of the Protective Order.

7. The Confidential Materials may be shared with the parties' experts and consultants in this litigation if those experts and consultants agree to be bound by the Protective Order.

8. A deponent may, during the deposition, be shown and examined about the Confidential Materials if the deponent is the party who initially produced the material or disclosed the information; if the deponent is a current employee, corporate representative, or expert witness for such party; or if the deponent agrees to be bound by the provisions of the Protective Order in writing.

9. Counsel for the parties are responsible for employing reasonable measures to control duplication of, access to, and distribution of copies of the Confidential Materials.

10. Within 60 days after termination of this action (including any appeals), Plaintiff shall return or destroy all Confidential Materials and notify BNSF that it has returned or destroyed all Confidential Materials.  Notwithstanding the foregoing, each attorney may retain a copy of any Confidential Materials submitted to the Court.

11. Plaintiff's compliance with this Protective Order shall not constitute an admission that information designated by BNSF as Confidential is, in fact, proprietary information. Plaintiff may challenge BNSF's designation of the training materials as Confidential by submitting written objections to BNSF.  Upon receipt of any objection to the designation of the training materials as Confidential, the parties shall confer in good faith to resolve the objection.  If such objections cannot be resolved, Plaintiff may raise the issue by

motion or other notice with the Court, in which event BNSF will have the burden of demonstrating good cause that the Confidential Materials in dispute are entitled to protection.

12. Nothing herein shall affect Plaintiff's right to contest or appeal any designation or finding that the said material subject to this Protective Order is proprietary and/or confidential.  If the Court holds that such materials were not properly designated as Confidential, then such material will no longer be subject to this Protective Order.

Dated: Dec. 20, 2023

_____
Clare R. Hochhalter, Magistrate Judge
United States District Court

4860-0823-3620, v. 1