IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Sidney W. Helmick, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART** |
| | ) | **MOTION TO COMPEL DISCOVERY** |
| v. | ) | **OF PRIOR SIMILAR INJURIES** |
| | ) | |
| BNSF Railway Company, | ) | Case No.: 1:23-cv-00040 |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

On February 6, 2024, Plaintiff Sidney W. Helmick ("Helmick") filed a *Motion to Compel Discovery of Prior Similar Injuries*. (Doc. No. 19). Helmick requests Defendant BNSF Railway Company ("BNSF") "produce system-wide employee injury reports from 2015 through 2020 where the injury involved the operation of a handbrake" and the identities of injured employees. (*Id.*). BNSF opposes Helmick's motion. (Doc. No. 24).

I.  **BACKGROUND**

Helmick filed a Complaint pursuant to the Federal Employers' Liability Act ("FELA") on March 1, 2023, alleging personal injuries suffered during the scope and course of his employment as a conductor with BNSF. (Doc. No. 1). Helmick claims that on October 13, 2020, while working as a conductor on BNSF's train near Williston, North Dakota, he attempted to release a handbrake on one of the train's rail cars, the handbrake failed to operate properly, and he injured his left arm, shoulder, and hand as a result. (*Id.*).

II. **LEGAL STANDARD**

Under FELA, a common railroad carrier is liable for damages to a person who suffers injuries while employed by such a carrier. 45 U.S.C. § 51. It provides a cause of action for railroad employees whose injuries arise "resulting in whole or in part from the negligence of any of the

officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." *Id.*

Rule 37 governs a motion to compel discovery. FED. R. CIV. P. 37. A party may move for an order compelling disclosure or discovery after attempting to confer with another party in good faith. FED. R. CIV. P. 37(a)(1). If a party fails to produce documents as required, a party may move for an order compelling answer, designation, production, or inspection. FED. R. CIV. P. 37(a)(3)(B)(iv).

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery. It provides,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad." *Rychner v. Cont'l Resources, Inc.*, No. 1:19-cv-71, 2021 WL 2211110, at *2 (D.N.D. June 1, 2021) (quoting *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015). Information is discoverable when relevant to a party's claim or defense and proportional to the needs of a case. FED. R. CIV. P. 26 advisory committee's note to 2015 amendment. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

## III.   DISCUSSION

### a. Motion to Compel Discovery of Prior Similar Injuries

#### 1. System-wide Reports from 2015 to 2020

Helmick requests BNSF produce system-wide reports pertaining to employee handbrake injuries from 2015 to 2020, with names unredacted. Helmick's initial request and BNSF's objection are as follows:

> 44. All documents that constitute, reflect, describe, summarize or refer to any accident, incident or investigation reports or file, including claims files, regarding any previous injuries or previous claims involving handbrakes including but not limited to their internal mechanisms for the ten (10) years prior to Plaintiff's injuries as alleged in the Complaint, and thereafter to date.
>
> RESPONSE: In addition to the general objections above, BNSF objects to this request as overly broad and unduly burdensome. An expansive universe of documents within the company arguably "reflect, describe, summarize or refer to" accidents falling within Plaintiff's unilaterally chosen parameters, although they do not specifically contain any information related to those accidents that is discoverable or relevant in this case. Attempting to search for, collect, and produce all such documents would require an expenditure of resources that is not proportional to the issues at stake in this case, the amount in controversy, the importance of the discovery in resolving the issues, and any minimal benefit that might result. The request is also not reasonably limited to a relevant time period, seeks information that postdates the date of injury, nor is it sufficiently limited in scope (geographic location). BNSF objects to this request on the grounds it seeks information regarding incidents that lack requisite "substantial similarity" with respect to the facts of this incident. BNSF objects to the phrase "internal mechanism" as undefined, and therefore vague and ambiguous. For these reasons, the request also seeks information that is not relevant to the claim or defense of any party. BNSF objects to the extent this request seeks confidential or privileged information about persons not party to this lawsuit without their consent or authorization and may violate the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and/or other privacy laws. BNSF objects to the extent this request seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving these objections, BNSF proposes the following search of the BNSF Accident Reporting Database:
>
>> Date range: 10/13/2015 through 10/13/2020
>> Location: Montana Division
>> Tool: Handbrake

>Names and other identifying information will be redacted to protect the employees' privacy rights. If Plaintiff agrees, said search will be run.

(Doc. No. 21-7 at 16-17). The parties limited the date range from 2015 to 2020. (Doc. No. 21 at 1). BNSF also produced the redacted injury reports for the Montana Division, to which Helmick requested BNSF expand the scope to the entire system and identify the injured employees. (*Id.* at 2; Doc. No. 21-9). BNSF repeated its objections. (Doc. No. 21-10).

BNSF and Helmick both argue points of admissibility. However, admissibility is not the standard during the discovery stage. Admissibility at trial is an issue reserved for the District Court Judge and Rule 26(b)(1) explicitly states information need not be admissible in evidence to be discoverable. Nevertheless, the court may consider the discovery's relevance to a party's claim or defense. *See* FED. R. CIV. P. 26(b)(1).

Helmick argues the system-wide employee injury reports are relevant to show substantial similarity between employee injuries. (Doc. No. 20 at 10, 14). In response, BNSF argues that the reports are not relevant as "a prior occurrence is relevant to show (1) the existence of *a particular danger or hazard* or (2) the defendant's notice of the generally hazardous nature of the *accident site*." *Balough v. Ne Illinois Reg'l Commuter R.R. Corp.*, 409 Ill. App. 3d 750, 777 (Ill. App. Ct. 2011) (citing *Bachman v. General Motors Corp.*, 332 Ill.App.3d 760, 785 (Ill. App. Ct. 2002)) (emphasis added). BNSF further argues that, notwithstanding system-wide use of similar handbrakes, "[e]vidence of hand brakes outside the Montana division cannot provide notice of the 'generally hazardous nature of [Mr. Helmick's] accident site,'" with a variety of factors impacting how a handbrake operates. (Doc. No. 24 at 7).

Whether a danger or hazard of a handbrake is admissible is not critical during discovery. (*See* Doc. No. 24 at 7). Rather, the court is more concerned with the discoverability, proportionality, and relevance of the employee injury reports.

Helmick asserts "[e]vidence of other handbrake injuries is critical to show that BNSF had notice of their dangerous propensities and BNSF's knowledge that an employee is likely to sustain an injury when setting or releasing a handbrake." (Doc. No. 20 at 11). In response to Helmick, BNSF asserts there is no factual basis for Helmick's assertion, or evidence to suggest the handbrakes have "dangerous propensities," as the Employee Injury Reports have shown the opposite. (Doc. No. 24 at 7). BNSF seemingly believes details of system-wide injury reports will favor its defense and so there is no need to produce them. The court disagrees with BNSF's analysis. The court does not know the extent to which there are relevant reports beyond those produced from the Montana Division and cannot yet determine what weight, if any, is relevant to Helmick's claims. Helmick can examine produced reports, whether numbered in the dozens, or more. In the end, the probative value of such reports is likely a factual matter for the jury, not BNSF or Helmick.

BNSF contends the discovery sought is overly broad and unduly burdensome. It argues that "[t]o produce records of even *potentially* similar incidents, BNSF would have to review each report individually by hand." (Doc. No. 24 at 10). It also notes that "there is no automated way to search for the type or configuration of a hand brake involved in an incident." (*Id.*). Helmick's discovery request does not distinguish among handbrakes incidents. (Doc. No. 21-7 at 16). Accordingly, BNSF claims it should not have to manually sift through an unknown number of electronically stored records prior to production and hand-select documents to produce to Helmick. The court tends to agree BNSF should not be *required* to manually search electronically stored information before producing it. Helmick does not seem to disagree. BNSF can simply produce in native format all system-wide handbrake related injury reports for the limited time-period, and then Helmick can review them (manually or electronically) to determine their value.

Rule 26 does not limit discovery only to admissible evidence, rather, information need not be admissible to be discoverable. FED. R. CIV. P. 26(b)(1). Moreover, while BNSF's response to Request for Production No. 44 objects on the basis the request is overly broad and unduly burdensome, the court notes that at the Status Conference to discuss the parties' discovery dispute, BNSF stated production of the electronically stored system-wide employee reports would not be unduly burdensome.

Based on the evidence provided and liberal discovery allowed under the Federal Rules of Civil Procedure, the court is not convinced that the system-wide reports are outside the scope of discovery or otherwise unduly burdensome to obtain and produce to Helmick. The court is persuaded that Helmick has made a showing of relevance and shall require BNSF to provide the system-wide employee injury reports from 2015 to 2020.

### 2. Unredacted Employee Names

Helmick requests the court order BNSF to produce the injury reports with employee names unredacted from 2015 to 2020. (Doc. No. 20 at 14). He asserts disclosure of identities is essential so Helmick may contact employees to assess whether their injury occurred under substantially similar conditions, to avoid further unnecessary motion practice, associated expenses, and delays, and to verify the veracity of BNSF reporting employee injuries. (*Id.*). In response, BNSF argues that employees, even in this highly regulated and dangerous industry, have a reasonable expectation of privacy to their employment related injury records, especially in those pertaining to medical information. (Doc. No. 24 at 10).

BNSF routinely asserts throughout its argument that Helmick is not entitled to the unredacted employee injury reports as employees have a reasonable expectation of privacy. However, it does not inform the court as to what privacy laws are relevant, albeit it singularly references the right

to privacy within the Montana Constitution.[1] (Doc. No. 24 at 10). The court also notes that Personally Identifiable Information (PII) affecting privacy or related risks can often be mitigated by redaction or protective order.  Under Rule 26(c), the parties may agree to a protective order and the court has the authority to issue an order. Redaction of select PII within electronically stored information can often be done electronically prior to production.

Helmick is not asking for employee's medical records, only injury reports.  Helmick has offered to agree to a protective order. (Doc. No. 20 at 17). Accordingly, BNSF is ordered to produce to Helmick system-wide handbrake related employee injury reports from 2015 to 2020. The parties should timely meet and confer prior to production and may jointly propose a protective order limiting production or use.  If the parties cannot agree on terms of a protective order, then each party may separately offer its own version for the court's consideration, including a description of contested terms. The court orders further that if Helmick contacts employees regarding their injury reports, Helmick must inform the employees they are not obligated to speak to counsel for either party.

b. **Attorney Fees and Costs**

Helmick seeks an award of reasonable fees and costs associated with bringing the Motion to Compel. (Doc. No. 20 at 18). In response, BNSF asserts that Helmick is not entitled to fees and costs as BNSF's opposition was substantially justified. (Doc. No. 24 at 13).

Rule 37 governs an award of attorney fees and costs associated with a motion for an order to compel discovery. If the court grants the movant's motion, the court must require the party

---

[1] BNSF argues in its response to Helmick's Request for Production No. 44 that it seeks confidential or privileged information that may violate the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and/or other privacy laws. (Doc. No. 21-7 at 16). It also argues specific privacy law violations in a letter sent via email to Helmick (Doc. No. 21-10 at 1); however, it fails to address specific privacy law concerns in its argument to the court, other than a singular reference to the right to privacy within the Montana Constitution. (Doc. No. 24 at 10).

whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5)(A). However, the court must not order payment when an "opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(ii)-(iii).

The court is inclined to deny Helmick's request to recover fees and costs. Helmick's motion was filed after several attempts were made to resolve the discovery dispute, including a meet and confer between the parties and a status conference with the court, though resolution was unsuccessful. While BNSF opposes Helmick's request, it has produced reports from one division and thus not completely refused to comply with the request, nor withheld discovery in bad faith. The court finds that BNSF's opposition was substantially justified. Accordingly, an award of fees and costs to Helmick is not warranted.

c. **Relief from Discovery Deadline**

The discovery deadline in this matter was February 2, 2024. (Doc. No. 7). Helmick requests relief from the current discovery deadline and permission for follow-up discovery on prior similar injuries. (Doc. No. 20 at 19). Helmick claims follow-up discovery may require investigation of each injury or incident to determine whether substantial similarities exist, including serving additional records requests on BNSF. (*Id.*).

Federal Rules of Civil Procedure 16(b) governs the court's issuance and modification of scheduling orders. The court "must issue the scheduling order" and "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b)(1), (3)(A). "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). A movant must show diligence in attempting to meet deadlines in order to show

good cause. *FastTrac Transportation, LLC v. Pedigree Technologies, LLC*, No. 3:22-CV-52, 2023 WL 3226185, at *6 (D.N.D. Mar. 7, 2023); *see also Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 716-17 (8th Cir. 2008). "Where there has been 'no change in the law, no newly discovered facts, or any changed circumstance… after the scheduling deadline for amending pleadings,' then we may conclude that the moving party has failed to show good cause." *FastTrac Transportation, LLC*, No. 3:22-CV-52, 2023 WL 3226185, at *6 (quoting *Hartis v. Chicago Title Ins. Co*., 694 F.3d 935, 948 (8th Cir. 2012).

The court finds there is good cause for *some* modification of the discovery deadline. Helmick has shown diligence in attempting to comply with the scheduling deadlines, namely the February 2, 2024, discovery deadline. The parties unsuccessfully met in good faith to resolve their discovery dispute through a meet and confer on November 8, 2023 (Doc. No. 21 at 1-2), and a telephone conference with the court on January 9, 2024 (Doc. No. 15), prior to filing the current motion. Accordingly, Helmick shall have 30 days from receipt of the system-wide incident reports to conduct additional discovery. However, if time beyond the 30 days is requested, Helmick shall be required to show good cause for further investigation and any additional extension of time.

### IV.   CONCLUSION

For the reasons articulated above, the court **GRANTS IN PART** Helmick's *Motion to Compel Discovery of Prior Similar Injuries*. (Doc. No. 19).

**IT IS SO ORDERED.**

Dated this 24th day of June, 2024.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court